## Barrass' Appeal

*H. Russell Stahlman,* for petitioner.
*George O. Frazier,* for Donora School District.

GIBSON, J., March 14, 1942.—Jeannette L. Barrass files her petition setting forth that she was a professional employe of the Donora School District and had been such for a period of more than 20 years, being employed as a teacher in the elementary and secondary schools; that the board of school directors determined on August 15, 1941, to reduce the number of elementary teachers in the school district because of the substantial decrease in pupil enrollment, and that she was one of the teachers suspended for that reason; that a hearing was held before the board of school directors, and an unsatisfactory decision having been reached, she appealed to the Superintendent of Public Instruction, who dismissed the appeal for lack of jurisdiction, and she now prays that an appeal be allowed to this court, in accordance with the Act of June 20, 1939, P. L. 482, sec. 2 (*j*). The School District of the Borough of Donora has filed an answer denying the jurisdiction of this court to determine such appeal.

Section 1205 of the School Code of May 18, 1911, P. L. 309, was amended from time to time, the final amendment being the Act of June 20, 1939, P. L. 482, which governs this case. By this act and some of the previous amending acts there is a clear distinction between the discharge or refusal to reëlect a professional employe and the suspension of an employe by reason of causes over which the board of school directors have no control.

Clause (*b*), sec. 2, of the Act of 1939 provides:

"Any board of school directors (or board of public education) may suspend the necessary number of professional employes, for the causes hereinafter enumerated: (1) Substantial decrease in pupil enrollment in the school district."

The clause then proceeds to designate how the teachers to be suspended shall be determined, referring in detail to ratings and seniority where no substantial difference in rating is found, and providing that no new appointment shall be made while there are suspended professional employes available, who are properly certified to fill the vacancies. As to suspension for the causes mentioned in the act there is no provision for an appeal.

Clause (d) of the same section then proceeds to designate what course may be taken in cases where professional employes are dismissed or refused reelection by the school directors, and the procedure there is fully prescribed, with a right to appeal to the Superintendent of Public Instruction, and from his determination to the court of common pleas.

As we view this proceeding, the Superintendent of Public Instruction has only the appellate power which is given him by statute, and this court, on appeals from his decision or refusal of jurisdiction, is also limited to such powers as the statute gives; and no authority appearing by any legislation to which we have been referred or which we have been able to discover, the right to appeal does not exist where a suspension has been regularly ordered because of a decrease in pupil enrollment in the school district.

This question has been fully discussed in Steinberg's Appeal, 39 D. & C. 706, and we concur with the reasoning there set forth.

And now, March 14, 1942, the petition of Jeannette L. Barrass for leave to appeal from the decision of the Superintendent of Public Instruction of the Commonwealth of Pennsylvania, and our rule thereon dated November 8, 1941, are hereby dismissed.